MaynaRD, Special J.,
delivered the opinion of the Court.
Dodd sued defendant, Salts, by warrant, before a Justice of the Peace, who, on trial, give judgment against the plaintiff, for $250. He removed the case be writ of certiorari to the Circuit Court, where, on trial before a jury, a verdict was found against him, for $55.16. Eor this sum and the costs, judgment was rendered against him and the plaintiffs in error, his securities for prosecution. The latter, by writ of error, bring the case here, insisting that, by the terms of their undertaking, they are liable for the costs alone.
The prosecution bond bears date in Eebruary, 1858, and is anterior to the Code. It contains no penalty, but is a general obligation to pay “all such costs and damage as may be awarded by the Court, on failure to prosecute;” and concludes: “We agree to pay all costs aforesaid, on failure aforesaid.” Can the securities be held liable ? And, if so, to what extent ?
Py the Act of 1807, ch. 81, sec. 1, “The party suing out writs of certiorari and supersedeas was required to execute bond with approved security, in double the amount of the judgment complained of, payable to the opposite party; conditioned that the same shall be void if the party prosecute his certiorari with effect; or, in case he fail, that he will perform whatever judgment should be awarded and rendered by the Court in the cause.” The bond in this case, is widely different.
The Court held in the case of Triplett vs. Seay, 7 *235 Yer., 16, that: “Although the conditions of a bond may not embrace everything required by Act of Assembly, nevertheless, a judgment may be rendered on it to the extent of the condition, or commensurate with the undertaking of the party.”
This has been the constant practice of this Court. When appeal bonds are required to be conditioned for the payment of debt, damages and costs, if the condition be for the payment of damages and costs, we give judgment to that extent only; and if for costs alone, the judgment will be but for costs: 2 Yer., 83; 4 Yer., 198, 496; 8 Yer., 222. It is insisted, however, that as no bill of exceptions was taken, incorporating the bond upon which the judgment was given, and thus making it a part of the record, this Court cannot look at it.
All prosecution bonds constitute a part of the record of the cause in the Court in which they are given, and will be included in a transcript if the cause be removed to another Court.
It follows, therefore, that plaintiffs in error are liable for the costs, but not for the amount of the recovery.
The judgment will be reversed, and corrected accordingly.